IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Tyenika Effinger                )
                                )
        Plaintiff,              )
                                )
                                )
        v.                      )    No. 20 CV 450
                                )
Monterrey Security             )
Consultants, et al.            )
                                )
        Defendants.             )
                                )
                                )

Memorandum Opinion and Order

On January 21, 2020, Tyenika Effinger visited the Clerk's Office
of this court and filed a *pro se* complaint for employment
discrimination. While there, she filled out an application to proceed
*in forma pauperis* and financial affidavit ("IFP application") as
well as a motion for attorney representation. In the former, she
stated that had received $6,000 in wages as well as social security
and welfare income. She denied having received more than $200 from
any other source. In addition, plaintiff affirmed that she was
unemployed and unmarried; that she was solely responsible for the
support of her daughter; and that no one in her household had more
than $200 in cash, checking, or savings accounts, or owned stocks,
bonds, real estate, or any automobile whose value exceeded $1000.
See DN 4. She declared under penalty of perjury that all of this

information was true and correct. *Id*. I granted her IFP application and denied her motion for attorney representation without prejudice.

Monterrey Security Consultants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). I denied the motion summarily based on my review of plaintiff's complaint and recruited counsel for plaintiff, who had renewed her motion for attorney representation. Defendants now seek dismissal pursuant to 28 U.S.C. § 1915(e)(2)(A), asserting that plaintiff made false statements in her IFP application. For the reasons that follow, the motion is denied.

I.

Defendants enumerate a long list of putative errors and omissions in plaintiff's IFP application, the most salient of which is her declaration that she earned $6,000 in wages in the twelve months preceding her application, when according to her W2 form for that period, she earned more than $12,000 in wages. Defendants also observe correctly that plaintiff failed to respond to questions seeking information about her most recent employment and assert that she "failed to note other employment, self-employment, an alternative residence she shared with others, additional social security income, three vehicle titles, and the means by which to purchase a car on November 4, 2020." Mot. at 2.

Plaintiff's counseled response admits two of the foregoing errors: that she underestimated her wages in the twelve months

preceding her application, and that she failed to answer questions directed to her most recent employment. Plaintiff argues, however, that these errors do not require dismissal under § 1915(e)(2)(A), as they amount to unintentional mistakes that are attributable to her learning disability, do not reflect an intent to deceive, and are immaterial to her pauper status. With respect to the remaining misrepresentations defendants detect, plaintiff denies that the information she provided in her application was incorrect and argues that defendants' evidence neither supports the inferences they draw nor establishes that her allegation of poverty is untrue.

## II.

A federal litigant who is unable to pay court fees may proceed *in forma pauperis*, which means that he or she "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury. *See* 28 U.S.C. § 1915(a)(1). As the Seventh Circuit has explained, "[p]roceeding *in forma pauperis* is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014). *See also Chung v. Dushane*, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("[t]he opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons[,] and the court system

depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused.") (citing *Denton v. Hernandez*, 504 U.S. 25, 27 (1992)), *aff'd sub nom. Chung v. KPMG LLP*, 104 F. App'x 576 (7th Cir. 2004)). The statutory sanction for abusing the privilege is mandatory dismissal. *See* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that ... the allegation of poverty is untrue."); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (because "the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Peak v. Laborer's Union Loc. #1*, No. 19-CV-03351, 2020 WL 1433825, at *1 (N.D. Ill. Mar. 24, 2020) ("[a]pplicants must tell the truth. If not, the sanction is automatic.").

Moreover, because "the wrongful act of making false statements to the court is always harmful," *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 502 (7th Cir. 2008), dismissal is generally required when the record indicates that an applicant intended to deceive the court, regardless of the magnitude of the falsehood. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) (affirming dismissal based on the incarcerated plaintiff's concealment of a $1,400 trust account, which the court considered "a deliberate, material lie"); *see also Mathis v. New York Life Ins. Co.,* 133 F.3d 546, 547–48 (7th Cir. 1998) (affirming dismissal where the district court found that the plaintiff "knowingly provided inaccurate

4

information" in "attempt to deceive the court"). Further, courts routinely infer an intent to deceive when the plaintiff offers excuses that are implausible or do not hold up on the record. *See, e.g., Peak,* 2020 WL 1433825, at *4 (N.D. Ill. Mar. 24, 2020) (dismissing complaint after finding the plaintiff's "string of excuses" for concealing income and assets implausible, including that he "felt rushed" to complete his IFP application while at the clerk's office, did not understand the questions, did not have his reading glasses with him, and was taking painkillers at the time he filled out the form); *David v. Wal-Mart Stores, Inc.*, No. 11 C 8833, 2016 WL 2344576, at *2 (N.D. Ill. May 4, 2016) (finding "unworthy of belief" the plaintiff's excuse that he did not view certain funds in his bank account as "truly his"), *aff'd*, 669 F. App'x 793 (7th Cir. 2016); *Jeffery v. Kraft Foods Glob., Inc.*, No. 05 C 6458, 2007 WL 611277, at *4 (N.D. Ill. Feb. 22, 2007) (rejecting argument that the plaintiff, who "once owned her own business," "made honest mistakes" because she was a non-attorney and had not completed high school).

Nevertheless, not every misstatement in an IFP application compels dismissal. In *Hrobowski v. Commonwealth Edison Co.*, 203 F.3d 445 (7th Cir. 2000), the Seventh Circuit reversed dismissal where the plaintiff initially proceeded *in forma pauperis* based on an application in which he failed to disclose certain assets, but later "expended considerable money and effort" in the months-long proceedings leading up to his trial. *Id*. at 448. The court reasoned

that because the plaintiff had not meaningfully "reap[ed] the benefits of *in forma pauperis* status," the district court was not constrained to dismiss the complaint under § 1915(e)(2)(A) and could have considered a lesser sanction pursuant Rule 11 or its inherent authority. *Id.* District courts have applied the reasoning in *Hrobowski* to deny dismissal, notwithstanding the plaintiff's untrue allegations of poverty, where, for example, the plaintiff's IFP petition was denied, *see Harrison v. Illinois Dep't of Transp.*, No. 10-CV-4674, 2011 WL 2470626, at *4 (N.D. Ill. June 21, 2011); where the plaintiff "spent considerable money financing the lawsuit and was only represented by IFP appointed counsel for a short time period," *Kim v. Earthgrains Co.*, 2010 WL 2610460, at *3 (N.D. Ill. June 24, 2010); and where the plaintiff was in fact indigent, and the most plausible explanation for the mistakes in her IFP application was that "she is just not very good with forms." *Palmer v. Dollar Tree*, No. 10 C 7340, 2012 WL 4795720, at *2 (N.D. Ill. Oct. 9, 2012).

Indeed, although at least one court in this district has held that evidence of bad faith is not necessary for dismissal, *see Pelmer v. Dean*, 562 F. Supp. 2d 1006, 1008 (N.D. Ill. 2008) (calling it "simply wrong" to require a defendant seeking dismissal under § 1915(e)(2)(A) to show that a plaintiff's "omissions were made in bad faith rather than through an innocent oversight"), more recent case law make clear that "untrue," as used in the IFP statute, "means

something more than an innocent mistake." *Peak,* 2020 WL 1433825, at *1 (*citing Robertson v. French*, 949 F.3d 347, 351 (7th Cir. 2020) ("Congress meant something like 'dishonest' or 'false,' rather than simply 'inaccurate'"), and *Ruiz v. Bautista*, 2020 WL 974896, at *2 (7th Cir. 2020)).

In addition, several courts have observed that the statutory criterion for mandatory dismissal—falsity of the plaintiff's "allegation of poverty"—is ambiguous. As the court noted in *Palmer*, "[i]t could mean that a case must be dismissed if either (a) any nontrivial statement in an IFP affidavit is untrue or (b) the applicant told the Court that she is indigent when she is not." *Palmer*, 2012 WL 4795720, at *3. *See also Brantly v. Children's Memorial Hosp.*, 2010 WL 5174388, at *2 (N.D. Ill. Dec. 14, 2010) (phrase "allegation of poverty" "could refer generally to an applicant's contention that she is unable to pay. Or it could refer to any specific averment in the applicant's affidavit."), and *David v. Geren*, 2009 WL 362877, at *1 (S.D. Ind. Feb 11, 2009) (noting ambiguity in statutory term "poverty").

In *Palmer*, the court examined the case law, considered the language and purpose of the IFP statute, and determined that the better interpretation is "that § 1915(e)(2)(A) requires the severe sanction of dismissal only when a petitioner says that she is indigent when she is not." *Palmer*, 2012 WL 4795720, at *4. Other courts have reached similar conclusions. *See, e.g. Chriswell v. Big*

*Score Ent.*, LLC, No. 11 C 00861, 2013 WL 3669074, at *4 (N.D. Ill. July 12, 2013) ("when a plaintiff misstates assets (or omits them) on her IFP application, and those misstatements (or omissions) do not affect her overall allegation of poverty, dismissal is not mandatory"); *Moorish Nat. Republic v. City of Chicago*, No. 10 C 1047, 2011 WL 1485574, at *4, *5 (N.D. Ill. Apr. 18, 2011) (declining to impose "the ultimate sanction of dismissal" because it was "not evident from the record that Plaintiff...would not have qualified for IFP status had his application been complete."); *Brantly*, 2010 WL 5174388, at *3 (declining to dismiss where errors did not reflect an intent to mislead and the plaintiff's "general allegation of poverty" was correct).

*Palmer* is particularly instructive here. In that case, the court rejected the inference that the plaintiff intended to deceive it by omitting information about her past employment, explaining:

> A simpler and more plausible theory of Plaintiff's conduct is that she is just not very good with forms. This view is supported by the complaint that she filed in this case [1]. The fill-in-the-blanks complaint is scarcely more complicated than the IFP application, but hers nevertheless contains glaring mistakes. For instance, the form says that the plaintiff should "Choose paragraph 7.1 [if the defendant is not a federal government agency] or 7.2 [if the defendant is a federal government agency]. Do not complete both." Despite that direct instruction, she completed both. Paragraph 9 asks if the EEOC has issued a Notice of Right to Sue. Plaintiff checked box (a) to indicate that it had not issued a Notice, but also indicated in (b) that a Notice had been issued on September 19, 2010. The EEOC's Notice was actually issued on October 19, 2010.

*Id.* at *2. Plaintiff's submissions in this case contain similar mistakes. In fact, plaintiff committed one of the very errors the *Palmer* court identified, completing *both* paragraphs 7.1 and 7.2 of her *pro se* complaint. DN 1. Additionally, she failed to check any answer to question 3 of her motion for attorney representation, which asked her to indicate whether she was, or was not, represented by a court-requested attorney. DN 5. Plaintiff also checked a box indicating that she had received assistance completing her forms from an attorney at the U.S. District Court Pro Se Assistance Program—a questionable response, given the errors just identified. And the papers plaintiff filed in conjunction with her roughly contemporaneous action in state court are peppered with similar mistakes. Indeed, defendants make much of the fact that plaintiff provided a different address on the state court forms from the one she provided on her IFP application, but in reality, plaintiff provided two *different* addresses in her state papers, including on successive pages of her Application for Waiver of Court fees. *See* DN 66-4. These are the hallmarks of inattention, inadvertence, or confusion, not of an intent to deceive.

Defendants also seize upon the fact that, plaintiff's IFP application discloses a total of $5,000 in social security and disability payments and a total of $4,200 in welfare payments, while her state court fee-waiver application states that she had received a total of $9,012 in the preceding twelve months, including a $781

social security payment in the preceding month. Given that the state form does not mirror the IFP application—its questions are organized and formulated differently, and it does not include, for example, line items for disability or welfare income—and that there is no reason to believe that plaintiff had a copy of the answers she provided on the federal form at the time she filled out the state form, her answers appear generally more consistent than discrepant. In any event, the minor differences between them do not suggest an intent to mislead.

What is true is that plaintiff should not have offered what turned out to be poor estimates of her earnings on forms she signed under oath. Plaintiff states that she filled out the IFP application while at the Clerk's Office and that she did not believe she could access her payroll information from there. Even if that is true, the record suggests no reason she could not simply have left and come back another day after checking her facts. Plaintiff's willingness to guess at the answers instead suggests "a disregard for the penalty of perjury and a certain nonchalance towards the privilege of proceeding *in forma pauperis*." *Grant v. Kabaker*, No. 17 C 7902, 2018 WL 9988764, at *1 (N.D. Ill. Feb. 7, 2018). This approach is not commendable. Nevertheless, it appears from the evidence before me that plaintiff's inaccurate reporting of her wages was the result of some combination of carelessness, confusion, and failure to appreciate the need for precision, and that even if she had disclosed

her income accurately, she would have qualified for IFP status. These circumstances do not warrant dismissal of her complaint.

What remains of defendants' motion is rank speculation based on the flimsiest of evidence. First, they leap from the discovery that plaintiff incorporated an LLC in September of 2020 to the conclusion that she must have had undisclosed income as a Principal of that entity. Next, they infer, apparently from the appearance of plaintiff's name on the webpage of an entity called Total Life Changes, LLC, that exhorts viewers to "Become a Part of Our Family!" that plaintiff must have concealed income she earned as a "sales associate" for that entity. Finally, they cite a LexisNexis report that opens with a lengthy disclaimer alerting readers that it is based on public records known to "have errors" and should not be relied upon without independent verification to suggest that plaintiff failed to disclose information about other members of her household. None of this evidence remotely supports the conclusion that plaintiff concealed income available to her to pay court fees. As for defendant's evidence of the value of vehicles they assert plaintiff owns, and a PPP loan they assert she received, plaintiff's response and accompanying evidence roundly controverts the inferences they seek to draw.

In short, neither the authorities defendants cite nor the evidence on which they rely persuades me that dismissal is warranted.

III.

For the foregoing reasons, defendants' motion is denied.


**ENTER ORDER:**


_____

**Elaine E. Bucklo**
United States District Judge

Dated: June 29, 2021